UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NARCISA CUESTA,

                               Plaintiff,            **COMPLAINT**

      -against-

ALPHA SHOE REPAIR CORP. d/b/a
ALPHA SHOE REPAIR CORPORATION, and
JAIRO CARDENAS and STEVE MENEXAS,
individually,

                               Defendants.

------------------------------------------------------------------------X

Plaintiff Narcisa Cuesta ("Cuesta" or "Plaintiff") by and through her attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Alpha Shoe Repair Corp. d/b/a Alpha Shoe Repair Corporation ("Alpha Shoe Repair"), Jairo Cardenas ("Cardenas") and Steve Menexas ("Menexas") (collectively herein "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff to recover unpaid earned wages, unpaid minimum wages, unpaid overtime compensation, unpaid spread of hours pay, statutory penalties, compensatory and punitive damages and other damages due to Plaintiff under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL").

2. Plaintiff worked at Alpha Shoe Repair, located at The Port Authority from on or about December 5, 2015 through August 2020.

3. Plaintiff brings this action to remedy violations of the wage-and-hour provisions of the FLSA and the NYLL during her employment with Defendants.

4. In addition, Defendants failed to provide Notice and Acknowledgement of Pay Rate and Payday under Section 195(1) of the NYLL as well as accurate wage statements as required under Section 195(3) of the NYLL.

5. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for Defendants' failure to pay earned wages, minimum wages, overtime wages, spread of hours pay, liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

7. This Court has jurisdiction over the New York state law claims under the principles of supplemental jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred within the Southern District.

## PARTIES

**Plaintiff**

9. Plaintiff is and was at all times relevant hereto an adult individual residing in New York, NY.

10. Plaintiff worked at Defendants from on or about December 5, 2015 through August 2020.

11. Plaintiff was employed by Defendants as a shoe repairer.

**Defendant Jairo Cardenas**

12. Upon information and belief, Cardenas maintains control, oversight and direction over Alpha Shoe Repair.

13. Upon information and belief, Cardenas is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Alpha Shoe Repair.

14. Upon information and belief, Defendant Cardenas is the owner of Alpha Shoe Repair.

15. Upon information and belief, Cardenas exercises sufficient control over Alpha Shoe Repair to be considered Plaintiff's employer under the FLSA and NYLL, and at all time material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Alpha Shoe Repair.

16. Upon information and belief, Cardenas had substantial control over Plaintiff's working conditions and practices alleged herein.

**Defendant Steve Menexas**

17. Upon information and belief, Defendant Menexas maintains control, oversight and direction over Alpha Shoe Repair.

18. Upon information and belief, Defendant Menexas is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Alpha Shoe Repair.

19. Upon information and belief, Defendant Menexas is the chief executive officer of Alpha Shoe Repair.

20. Upon information and belief, Menexas exercises sufficient control over Alpha Shoe Repair to be considered Plaintiff's employer under the FLSA and NYLL, and at all times

material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Alpha Shoe Repair.

21. Upon information and belief, Menexas had substantial control over Plaintiff's working conditions and practices alleged herein.

**Defendant Alpha Shoe Repair**

22. Alpha Shoe Repair is a domestic business corporation.

23. Defendant Alpha Shoe Repair is located at The Port Authority.

24. On information and belief, Alpha Shoe Repair has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## STATEMENT OF FACTS

**Plaintiff's Employment with Defendants**

25. Plaintiff was employed by Defendants at Alpha Shoe Repair from on or about December 5, 2015 through August 2020.

26. Plaintiff was employed by Defendants as a shoe repairer at Alpha Shoe Repair.

27. As a shoe repairer, Plaintiff was responsible for repairing and cleaning shoes and cleaning the store.

28. Throughout her employment with Defendants, Plaintiff was scheduled to work more than 40 hours per week.

29. Throughout Plaintiff's employment, Plaintiff was paid weekly on Fridays.

30. Throughout Plaintiff's employment, Plaintiff was paid in currency (cash).

31. Defendants never discussed overtime compensation or overtime work with Plaintiff.

32. Plaintiff never received any written record of her regular and/or overtime hours worked.

33. Plaintiff was not required to clock in or clock out at the beginning or end of her work day.

**Plaintiff's Work Schedule and Salary at Alpha Shoe Repair**

34. From on or about December 5, 2015 through on or about February 2020, Plaintiff was scheduled to work 6 days per week, Monday through Saturday.

35. Monday through Friday, Plaintiff was scheduled to work 6:30 am to 6:00 pm.

36. On Saturday, Plaintiff was scheduled to work 9 am to 5 pm.

37. From on or about December 5, 2015 through on or about November 2018, Plaintiff was paid $155 a week.

38. From on or about December 2018 through on or about February 2020, Plaintiff was paid $185 a week.

39. From on or about March 2020 through June 2020, Alpha Shoe Repair closed due to the COVID-19 pandemic.

40. From July 2020 through August 2020, Plaintiff was scheduled to work 6 days per week, Monday through Saturday from 7 am to 2 pm.

41. From July 2020 through August 2020, Plaintiff worked every other week.

42. From July 2020, through August 2020, Plaintiff was not paid for her labor.

43. Throughout Plaintiff's employment, she received a 30-minute break per shift.

**Defendants' Violations of the Wage Theft Protection Act**

44. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

45. Throughout the relevant time period, Defendants paid Plaintiff's wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular

hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

46. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### Failure to Pay Earned Wages in Violation of New York Labor Law

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Throughout the relevant time period, Plaintiff was an "employee" within the meaning of the New York Labor Law.

49. At all relevant times, Defendants were "employers" within the meaning of the NYLL.

50. Defendants failed to pay Plaintiff her earned wages for the periods of time and in the manner as set forth above.

51. Defendants' actions in failing to pay Plaintiff her earned wages were willful and not based on any good faith belief of compliance with NYLL §663, *et seq.*

52. As a result of the foregoing, Plaintiff has been denied wages required under NYLL §§663 *et seq.*, and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, pre-judgment interest and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wages in Violation of New York Labor Law

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

55. At all times relevant, Plaintiff was an employee of Defendants.

56. Defendants were employers of Plaintiff within the meaning of the NYLL 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

57. At all times relevant, Plaintiff was covered by the NYLL.

58. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

59. Defendants failed to pay Plaintiff the minimum hourly wages to which she was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

60. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §650 *et seq.*, and the supporting New York State Department of Labor Regulations.

61. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Throughout the relevant time period, Plaintiff worked in excess of 40 hours per work week.

64. At all relevant times throughout her employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

65. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times her regular hourly rate for hours worked in excess of forty (40) hours per workweek.

66. Defendants' decision not to pay overtime to Plaintiff was willful.

67. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime Compensation in Violation of New York Labor Law**

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the NYLL § 652 and 12 NYCRR §142-2.2.

70. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NYLL.

71. Defendants' failure to pay required overtime was willful.

72. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

## FIFTH CAUSE OF ACTION
### Failure to Pay Spread of Hours Pay in Violation of New York Labor Law

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. At times, Plaintiff worked more than 10 hours in a work day.

75. Defendants willfully failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate on days in which the length of her work day was more than 10 hours, as required by the NYLL.

76. Through their knowing or intentional failure to pay Plaintiff spread of hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

77. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid spread of hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### Failure to Provide Annual Wage Notices in Violation of New York Labor Law

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as her primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and

9

basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

80. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

81. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### SEVENTH CAUSE OF ACTION
### Failure to Provide Wage Statements in Violation of New York Labor Law

82. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

84. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

85. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each work week that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants, Alpha Shoe Repair Corp. d/b/a Alpha Shoe Repair Corporation, Jairo Cardenas and Steve Menexas, individually, as follows:

(a) Damages for the unpaid overtime compensation due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(b) Damages for unpaid earned wages, minimum wages, overtime compensation and spread of hours pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(c) Statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(d) Statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(e) For pre-judgment and post-judgment interest on the foregoing amounts;

(f) For her costs and disbursements of the action, including attorneys' fees; and

(g) For such other further and different relief as the Court deems just and proper.

Dated: December 9, 2020
New York, New York

                                 **THE LAW OFFICES OF JACOB ARONAUER**

By:  */s/ Jacob Aronauer*
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com